PIERRE MORACCHINI, Plaintiff, v. ADA MORACCHINI, Defendant.

Supreme Court, New York County, June 23, 1925.

**Ambassadors and consuls — process — under Consular Convention with France of 1853 (10 U. S. Stat. at Large, 992–995), chancellor not entitled to immunity from civil process in absence of evidence that he was performing duties of officer entitled to immunity.**

Article II of the Consular Convention with France of February 23, 1853 (10 U. S. Stat. at Large, 992–995), giving immunity from civil action to Consuls-General, Consuls, Vice-Consuls and consular agents of France, specifically exempts the chancellors and secretaries attached to the Consulate-General of France from immunity in the absence of any claim that the particular agent is so acting *ad interim* for a consular officer entitled to immunity.

Certificates of the Consul-General to the effect that a chancellor's duties correspond to those of a Vice-Consul are insufficient to establish the right of a chancellor to the immunities and privileges of a Vice-Consul, where there is nothing to show that the State Department ever recognized him as an official entitled to such immunity.

MOTION by plaintiff in action for divorce to dismiss defendant's counterclaim for a separation.

*H. C. Kelly* [*M. Leon* of counsel], for the plaintiff.

*N. Burkan*, for the defendant.

CHURCHILL, J. Plaintiff brought this action against his wife for a divorce and she counterclaimed for a separation. Issues framed on the question of adultery were tried by a jury, who found in favor of the wife. Her counterclaim now comes on for trial and plaintiff moves for a dismissal on the ground that the court has no jurisdiction to render judgment against him. He says that as chancellor of the Consulate-General of France at New York he is immune from prosecution, except for crime, in any of the courts of this country by virtue of the provisions of article II of the Consular Convention with France of February 23, 1853.* He also points to section 256 of the United States Judicial Code (36 U. S. Stat. at Large, 1160, 1161) by subdivision 8 of which jurisdiction in all suits or proceedings against Consuls or Vice-Consuls is exclusively vested in the Federal courts.

By article II of the Convention of 1853,* immunity from civil

---

*10 U. S. Stat. at Large, 993, 994.— [REP.

actions is expressly given to Consuls-General, Consuls, Vice-Consuls and consular agents of France. In the same article it is also expressly provided that consular pupils shall enjoy the same personal privileges and immunities. It is then further provided, at the end of the same article, that in case of the death, indisposition or absence of Consuls-General, Consuls, Vice-Consuls or consular agents the chancellors, secretaries and consular pupils attached to their offices shall be entitled to discharge *ad interim* the duties of their respective posts, and shall enjoy, while thus acting, the prerogatives granted to the incumbents. The convention has thus discriminated between chancellors and secretaries of the consulates and the other officials named in a manner too plain to permit any inference of mistake or omission or to allow any room for construction. The general grant of immunity made to the other officials named has been deliberately withheld from the chancellors and secretaries. Hence, as chancellor of the French Consulate-General, plaintiff is not entitled to immunity under the convention with France, since there is no claim that he is acting *ad interim* for the Consul-General.

But plaintiff has offered in evidence, without objection, two certificates of the Consul-General of France at New York. In these documents it is certified, among other things, that plaintiff is a consular officer of the French Republic duly commissioned as chancellor of the Consulate-General at New York; that his functions correspond to those known in the American consular service as those of a Vice-Consul; that he ranks only after the Consul-General and the Consul, and above the Deputy Consul; that it is the practice to have the exequatur of the President of the United States issued only to the Consul-General.

But the difficulty with these certificates is that if they were to be accepted as establishing that plaintiff's office is virtually that of a Vice-Consul, and that he is, therefore, entitled to immunity notwithstanding a difference in nomenclature, the result would be to confer upon the Consul-General the power to grant immunity whenever in his judgment an *attaché* of his office was performing functions corresponding to those of a Vice-Consul of the United States. A reference to articles I and V of the Convention of 1853 * will show that the intention of the contracting parties was that each government should approve the appointments of persons accredited to it by the other before the appointees should have the status of consular officers. I do not say that it is necessary that the President shall issue an exequatur to each of these officials. But I do hold that before they can be recognized by the courts

---

* 10 U. S. Stat. at Large, 992, 995.— [REP.

as entitled to the privileges and immunities of Consuls or Vice-Consuls or other consular officials there must be evidence that they have been recognized as such officials by the executive branch of the Federal government. No such evidence being presented in this case, the motion to dismiss the counterclaim is denied, and the trial will proceed.

