THE LONSDALE SHOP, INC., Plaintiff, v. MARY DE LA MONTANYE BIBILY and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Ninth District, December 14, 1925.

Ambassadors and consuls — process — art. II of Consular Convention with France of 1853 (10 U. S. Stat. at Large, 992–995), giving immunity to consular officers does not include chancellor — defendant chancellor not immune from civil process where evidence does not show he was discharging duties of officer made immune by treaty — service of summons made at office of Consulate-General void — judgment vacated.

Article II of the Consular Convention with France of February 23, 1853 (10 U. S. Stat. at Large, 992–995), specifically exempts the chancellors and secretaries attached to the Consulate-General of France from immunity in the absence of any claim that the particular agent is so acting *ad interim* for a consular officer entitled to immunity.

Certificates submitted from the French Consul and from the Ambassador of France to the United States to the effect that the position of Vice-Consul is unknown in the French consular service and that the position of chancellor is the equivalent of that of Vice-Consul cannot change the effect of the treaty which designates those officers who are exempt.

Moreover, a certificate of the Secretary of State certifying to the receipt of a letter from the French Ambassador to the effect that defendant, a chancellor, is the only person in the office of the Consulate-General of France at New York having charge of duties appertaining to his office of chancellor, does not enable him to claim that, at the time of service, he was, within the provisions of the treaty, discharging the duties of Vice-Consul.

However, the service of process upon defendant made at the office of the French Consulate-General in New York city is void for the reason that it violates the provision of the Consular Convention with France of February 23, 1853, providing that "consulate offices and dwellings shall be inviolable." Therefore, the judgment herein should be vacated.

APPLICATION to vacate judgment obtained against consular officer after personal service of summons.

*Blumberg, Leight & Parker* [*Saul Pulver* of counsel], for the plaintiff.

*Falk & Orleans* [*Ilo Orleans* of counsel], for the defendant Paul Emile Bibily.

*Daly, Hoyt & Mason* [*Charles K. Carpenter* of counsel], for the Consul-General of France at New York, as *amicus curiæ.*

Lauer, J. This is an application to vacate a judgment obtained against the defendant Paul Emile Bibily after personal service of summons upon him. The application to vacate is based upon two grounds: *First,* that the defendant Paul Emile Bibily is a consular officer of the French Republic, holding the office of chancellor in the French Consulate-General's office in the city of New York and that because of his official position in that capacity, this court has no jurisdiction of his person; and *secondly,* that the summons was served upon the said defendant in the office of the French Consulate-General in the city of New York. This service, it is claimed, transgresses the provisions of article III of the treaty between the United States and the Republic of France, dated February 23, 1853, which provides that consular offices and dwellings shall be inviolable. (10 U. S. Stat. at Large, 992, 994.)

Certain certificates are submitted from the French Consul and from the Ambassador of France to the United States, to the effect that there is no position known as Vice-Consul in the French consular service and that the position of chancellor is the equivalent of that of Vice-Consul. Under the terms of the treaty, it seems to be agreed that a Vice-Consul is entitled to immunity. These certificates of the French officials cannot and do not take the place of or in any manner add to the treaty with the United States. Neither can I see how the certificate of the Secretary of State of the United States, submitted on this motion, with regard to the contents of a note received from the Ambassador of France in respect to the defendant Bibily and his assignment with the Consulate-General of France at New York as chancellor with the duties appertaining to that office, changes the terms or the effect of the treaty with France. This subject is, it seems to me, very well covered in the case of *Moracchini* v. *Moracchini* (126 Misc. 443) by the opinion of Mr. Justice Churchill. A motion was there made to vacate a judgment also on the ground that the plaintiff against whom a judgment on a counterclaim in a divorce action brought by him against the wife was sought to be voided because of want of jurisdiction of our court. Mr. Justice Churchill points out that the convention with France of 1853 has discriminated against chancellors and secretaries of the consulates and has drawn a distinction between them and the other officials named in the treaty. " The general grant of immunity made to the other officials named has been deliberately withheld," says Mr. Justice Churchill, " from the chancellors and secretaries."

Referring to the certificates of the French officials as to the defendant Bibily's official position as chancellor and the duties and rank of that position, Mr. Justice Churchill has this to say, which

seems to me applicable to similar certificates supplied in the present case: " But the difficulty with these certificates is that if they were to be accepted as establishing that plaintiff's office is virtually that of a Vice-Consul, and that he is, therefore, entitled to immunity notwithstanding a difference in nomenclature, the result would be to confer upon the Consul-General the power to grant immunity whenever in his judgment an *attaché* of his office was performing functions corresponding to those of a Vice-Consul of the United States. A reference to articles I and V of the Convention of 1853 * will show that the intention of the contracting parties was that each government should approve the appointments of persons accredited to it by the other before the appointees should have the status of consular officers. I do not say that it is necessary that the President shall issue an exequatur to each of these officials. But I do hold that before they can be recognized by the courts as entitled to the privileges and immunities of Consuls or Vice-Consuls or other consular officials there must be evidence that they have been recognized as such officials by the executive branch of the Federal government." This seems to me a sound presentation of the law. In the present case doubtless this was sought to be overcome by the certificate of the Secretary of State of the United States. This certificate, however, merely states that in a note dated October 7, 1925, the Department of State was informed by the Ambassador of France at Washington that Mr. Paul Emile Bibily has been since September 30, 1921, holding the office of chancellor and that since that time has been assigned for duty to the Consulate-General at New York and that " Mr. Bibily is now officially the only officer who has charge in the Consulate-General of France at New York *of the duties appertaining to his office of Chancellor.*" It is quite apparent that this certificate of the Secretary of State of the United States adds nothing to the case of the defendant claiming exemption from service in the present case before me. Its effect is merely to certify to the receipt of a letter from the Ambassador of France at Washington, which letter was received subsequent to the service of process in the present case. An examination of the contents of the certificate shows that the Ambassador of France merely said that Mr. Bibily is the only person in the Consulate-General of France at New York who has charge of the duties appertaining to *his office of chancellor.* This does not in any way enable the defendant to come within the provisions of the Consular Convention of 1853 with France that he was at the time of service discharging the duties of a Vice-Consul in the absence of the latter.

---

* 10 U. S. Stat. at Large, 992, 995.— [REP.

I, therefore, reach the conclusion that the defendant by virtue of his position as chancellor at the French Consulate-General in New York is not entitled to immunity from the service of process.

A more serious question, however, is presented in regard to the question of service of process at the office of the French Consulate-General at New York, which appears to be the method pursued in obtaining jurisdiction of the defendant in the present case.

Mr. Justice SHIENTAG, in the application to punish the defendant in the present case for contempt because of failure to answer in the City Court of the City of New York an order for his examination as a judgment debtor, denied the motion " without prejudice," holding that service at the office of the Consulate-General was void as transgressing the provision in the Convention of February 23, 1853, between the United States and France, which provides " that the consular offices and dwellings shall be inviolable." (10 U. S. Stat. at Large, 994, art. III.)

A memorandum submitted to this court by counsel for the Consul-General of France, as *amicus curiæ*, would seem to support this point of view by the citation of a number of quotations from Hyde's International Law (Vol. 1, pp. 798, 807). My attention is not called to any decision or authority on international law to the contrary.

I, therefore, conclude that the motion in the present case to vacate the judgment must be granted on the ground that service was made on the defendant at the premises of the French Consulate-General in transgression of the provisions of the treaty with France.

I have gone into the question of the official status of the defendant somewhat at length because of the fact that the same question is presented in another case submitted to me at this time, in which substantially similar relief is asked as is sought here.

The present motion is granted without prejudice, however, to service upon the defendant anew at a place outside of the consular premises or dwelling. (See Hyde's International Law, § 474.)